UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANET M. VIRGA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>                    Defendant. | NO: 12-CV-0165-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment, ECF Nos. 17 and 22.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  There being no reason to delay a decision, the hearing set for January 27, 2014, is vacated and this matter is submitted without oral argument.

Janet M. Virga seeks judicial review of the Commissioner's final decision denying her Title II Disability Insurance Benefits and Title XVI Supplemental Security Income.

ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 688 F.3d 1144, 1149 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See Molina v. Astrue*, 674 F.3d at 1110; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§

404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to make an assessment of the claimant's "residual functional capacity." Residual functional

ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

capacity ("RFC"), defined generally as the most that the claimant can still do in a work setting despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Molina v. Astrue*, 674 F.3d at 1111; *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments on October 22, 2009, alleging a disability onset date of August 25, 2009. Tr. 126-33. The parties are fully familiar with Plaintiff's infirmities and there is no reason to recount them in this public record. Her applications were denied initially and on reconsideration. Tr. 75-82, 87-91. Plaintiff requested a hearing before an ALJ. Tr. 92-93. Accompanied by her attorney, Plaintiff appeared and testified, Tr. 58-69, at a hearing held on March 3, 2011. A medical expert, Dr. Richard Hutson, a psychological expert, Dr. Margaret Moore, and a vocational expert, K. Diane Kramer, all appeared and testified. Tr. 42-48; 48-58; 69-73. On April 1, 2011, the ALJ found Plaintiff could perform her past relevant work and, therefore, was not disabled within the meaning of the Act. Tr. 15-26. The Appeals Council denied review, Tr. 1-5, making the ALJ's

decision the Commissioner's final decision, which is subject to judicial review.

## ISSUES

Plaintiff raises three issues for review: 1) whether the ALJ properly discounted the opinion of examining psychologist John B. Severinghaus, Ph.D.; 2) whether the ALJ properly found Plaintiff's cognitive impairment and depression non-severe; and 3) whether the ALJ correctly evaluated Plaintiff's credibility. The Commissioner contends 1) the ALJ gave specific and legitimate reasons, supported by substantial evidence in the form of objective psychological test results, among other things, for discounting Dr. Severinghaus's opinion, 2) substantial evidence supports the ALJ's determination that Plaintiff's cognitive disorder and depression were non-severe impairments, and 3) the ALJ supported her adverse credibility finding with specific, clear and convincing reasons.

## DISCUSSION

**A. The ALJ's Rejection of Psychologist's Opinion**

Plaintiff contends the ALJ gave no weight to the opinion of psychologist, Dr. Severinghaus, who examined Plaintiff in January 2010, Tr. 226-32, and according to Plaintiff found her to have "severe" "cognitive impairment, mild depression or mild PTSD." Plaintiff's Memorandum, ECF No. 18 at 10. In doing so, she faults the ALJ for allegedly only relying on the contrary opinion of the psychological expert, Margaret Ruth Moore, Ph.D. *Id*.

If the opinion of a treating or examining physician is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). On the other hand, in the case of a contradicted opinion, as we have here, "an ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 2005) (*quoting Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (upholding ALJ's decision to reject examining psychologist's functional assessment that conflicted with his own written report and test results).

The ALJ discounted Dr. Severinghaus's opinion after she assessed it in light of the contrary opinions from Dr. Moore and Edward Beaty, Ph.D., a State agency psychologist. Tr. 18-22, 24, 248-60. As the ALJ noted, both Dr. Moore and Dr. Beaty concluded that Plaintiff's cognitive disorder, depression, and post-traumatic stress disorder were non-severe impairments. Tr. 20, 24. Significantly, Plaintiff's psychological test results did not support Dr. Severinghaus's opinion. Tr. 20-21, 24, 48-57, 260. Ultimately, the ALJ gave Dr. Severinghaus's opinion little weight because she found his conclusions about Plaintiff's condition were internally inconsistent with Plaintiff's performance on these tests. Tr. 24. Clear and

ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

convincing evidence supports the ALJ's observation that "it appeared that Dr. Severinghaus gave his opinions of [claimant's] 'moderate' limitations based solely on her subjective perception that her abilities were less than her prior abilities and thus she was 'impaired.'" Tr. 20, 52-54.  Plaintiff's "lowest test scores were still in the average to low average range [some in the superior range, Tr. 53] which is not disabled even if it is lower than in the past for this claimant." Tr. 21.

The ALJ gave significant weight to Dr. Moore's testimony and adopted her findings because she was "an expert in Social Security disability programs," and she formed her opinion after a review of "the entire record and review [of] the longitudinal symptoms and treatments."  Tr. 24.

Substantial, objective evidence and objective test scores support the ALJ's decision.

**B. The ALJ's Finding of Lack of Severe Impairment**

Plaintiff faults the ALJ for not identifying her cognitive disorder and depression as severe impairments, at step two in the sequential evaluation process. ECF No. 18 at 15-16.  The ALJ determined Plaintiff's mental impairments caused no more than "mild" limitations in any of the first three functional areas of the paragraph B criteria (daily activities; social functioning; and concentration, persistence, or pace), and no limitations in the fourth area of decompensation.  Tr. 21, 24; 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).   Mild psychological

ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

impairments are considered non-severe, thus the ALJ determined Plaintiff's to be properly classified as non-severe.

Dr. Moore's and Dr. Beaty's independent review of Plaintiff's test results and medical records, and their opinions that Plaintiff's cognitive disorder and depression were non-severe impairments, constitute substantial evidence supporting the ALJ's conclusion.  Tr. 24, 248-49, 251, 253, 258-60.

Next, Plaintiff contends that additional records submitted to the Appeals Council after the ALJ issued her decision support her argument and show her continued treatment of mental health issues.  Plaintiff provides no argument or analysis of these records whatsoever, and may well have waived this issue.  Thus, at this point the Court can only guess what Plaintiff contends these records show.

The Ninth Circuit recently held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60, 1162-63 (9th Cir. 2012).

The Court has reviewed all the additional records submitted and discerns nothing that supports Plaintiff's case, or phrased more properly, nothing that detracts from the evidence supporting the ALJ's decision.

ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

C.  **The ALJ's Credibililty Finding**

Plaintiff challenges the ALJ's finding that her subjective complaints supporting her claim of total disability were only partially credible.  ECF No. 18 at 11-14.  Plaintiff asserts that there is evidence of "ongoing cervical pain as well as fibromyalgia" and "that both these problems cause pain," and "must be credited."  *Id*. at 14.

Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing.  *Lester*, 81 F.3d at 834.   The ALJ found that Plaintiff's daily activities and level of functioning, the minimal objective findings in the medical record, and her receipt of conservative treatment undermined Plaintiff's opinion that she was totally disabled.  Tr. 22, 25.  The ALJ noted Plaintiff's reports that she cooked daily; went out regularly for shopping, socializing, or appointments at the coffee shop, church, shopping centers, and clinics; completed household chores, including laundry and light cleaning; managed household responsibilities; and cared for pets.  Tr. 19, 161-68.  The ALJ also noted Plaintiff's reports that she could pay attention for one to two hours at a time; handled stress "calmly," unless she was overwhelmed; was flexible in terms of handling changes in routine; and got along very well with authority figures and had never been fired or laid off from a job because of problems getting along with

ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

others. Tr. 19, 166-67.  The ALJ noted Plaintiff's reports of mild depression to her treating physician in April 2010, and her ensuing decision to forego treatment with Celexa because she said she did not feel depressed and considered her depression "situational." Tr. 20, 267-68

Concerning her neck injury, the ALJ noted Plaintiff "was not ready for surgery," and she opted to continue massage therapy instead. Tr. 23, 264.  In addition, the ALJ noted Plaintiff's statement to Dr. Severinghaus and Dr. Jain that her physical impairments were "getting better with the massage" treatment. Tr. 19, 226, 228, 264.

The ALJ noted Dr. Severinghaus's observations that Plaintiff exhibited no pain behaviors during his examination of her, and stood, sat, and walked without difficulty, despite her claims of being in constant pain. Tr. 20, 228-29.  The ALJ observed that despite her allegations of disabling pain, Plaintiff testified at the hearing she was not taking any pain medication. Tr. 23, 64.

The ALJ supported her adverse credibility finding with specific, clear and convincing reasons supported by substantial evidence. Tr. 17-25.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 22, is **GRANTED**.

ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

3.  The hearing set for January 27, 2014, is **VACATED.**

The District Court Executive is hereby directed to file this Order, enter Judgment accordingly, furnish copies to counsel, and **CLOSE** this file.

**DATED** this 23rd day of October, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13